UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Loren Zutz, Deb Zutz, and Ron Zutz,                  Civ. No. 02-1776 (PAM/RLE)
d/b/a Zutz Farms,

                  Plaintiffs,

        v.                                             **MEMORANDUM AND ORDER**

Case Corporation,

                  Defendant.

This matter is before the Court on cross-Motions for Summary Judgment. For the reasons that follow, Defendant's Motion is granted, and Plaintiffs' Motion is denied.

**BACKGROUND**

This case stems from the sale of a farm implement manufactured by Defendant Case Corporation. In late 1997, Plaintiffs Loren, Deb, and Ron Zutz considered buying a Concord[1] 4010 Air Drill ("the 4010 Drill") and investigated whether it would be compatible with their preplant-incorporated herbicide farming practice. In early 1998, they asked their local implement dealer, Harvey Sedlacek, about the compatibility. Sedlacek checked with Defendant, who said the practice would be compatible. Plaintiffs also looked at one of Defendant's brochures that claimed the 4010 Drill would reduce soil bunching and plugging. Plaintiffs began to use the 4010 Drill in the spring of 1998. They experienced some seed distribution problems, and Defendant sent its representative, Jim Lilleberg, to their farm in

---

[1] Defendant bought Concord in 1996 or 1997.

June 1998. When asked how the Drill worked with preplant-incorporated herbicide, Lilleberg said it would work fine.[2]

Plaintiffs purchased the 4010 Drill in July 1998. Sedlacek wrote the sale on a John Deere purchase order form, which contained the following warranty notice:

> The John Deere warranty applicable to new John Deere product(s) is printed on the back side of this document. . . . The new product warranty is part of this contract. Please read it carefully. **YOUR RIGHTS AND REMEDIES PERTAINING TO THIS PURCHASE ARE LIMITED AS SET FORTH IN THE WARRANTY AND THIS CONTRACT. IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS ARE NOT MADE AND ARE EXCLUDED UNLESS SPECIFICALLY PROVIDED IN THE JOHN DEERE WARRANTY.**

The back page of the document reads:

> **NO IMPLIED WARRANTY OR OTHER REMEDY – AGRICULTURAL PRODUCTS –** Where permitted by law, neither John Deere nor any company affiliated with it makes any warranties, representations, or promises, express or implied, as to the quality or performance, or freedom from defect of its agricultural products other than those set forth above, and NO IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS IS MADE. IN NO EVENT WILL THE DEALER, JOHN DEERE, OR ANY COMPANY AFFILIATED WITH JOHN DEERE BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.

---

[2] Although there was evidence adduced at trial that Lilleberg made this statement at the end of 1997 or in February 1998, the Court is viewing the evidence in the light most favorable to Plaintiffs. The June 1998 date is most favorable because it falls after the April 1998 transaction but before the July 1998 transaction. If Lilleberg made the statement before the April 1998 transaction, it would be subject to the disclaimer in the rental agreement. If he made it after the July 1998 transaction, it could not have been a basis for the transaction. Additionally, the June date was used by the Eighth Circuit. See Zutz v. Case Corp., 422 F.3d 764, 768 (8th Cir. 2005).

The back page also contains a separate disclaimer of warranties for the dealer. The purchase order form refers to Defendant only in the product description area where it described the product sold as a 4010 Concord Drill.

In 1999, Plaintiffs thought there might be a chemical incorporation problem with their crops, and they began to investigate possible causes, including the 4010 Drill. Nevertheless, Plaintiffs traded in the 4010 Drill for a 5010 Drill in 2000. Sedlacek also wrote this sale on a John Deere purchase order form, which contained the same warranty and warranty notice.

Plaintiffs brought suit in 2002, claiming that the 4010 Drill and the 5010 Drill damaged their crops by unevenly distributing herbicide on their fields. They specifically alleged breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, reckless misrepresentation, and violation of the Minnesota Prevention of Consumer Fraud Act. In 2003, Defendant brought a motion for partial summary judgment, and the Court dismissed all of Plaintiffs' claims except for the misrepresentation claim. Of specific relevance, the Court found all of the warranty claims barred by Minnesota's four-year statute of limitations, Minn. Stat. § 336.2-725(1). The misrepresentation claim was tried to a jury in March 2004, and judgment was rendered in favor of Plaintiffs in the amount of $14,925.00. After the trial, Defendant filed a motion for judgment as a matter of law, and Plaintiffs filed a motion for a new trial. The Court denied both motions, and the parties appealed the order as well as the earlier summary judgment order.

In September 2005, the Eighth Circuit affirmed this Court on the post-trial motions but reversed the summary judgment order in part. Zutz v. Case Corp., 422 F.3d 764, 775 (8th Cir. 2005). Specifically, the Eighth Circuit found that genuine factual disputes existed as to the parties' intent in entering into the April 1998 transaction for the 4010 Drill and as to whether Plaintiffs discovered or should have discovered any defect or warranty breach before July 1998. Given the factual disputes, the Eighth Circuit reversed the entry of summary judgment in favor of Defendant on the express and implied warranty claims relating to the 4010 Drill and on the implied warranty claim for the 5010 Drill. Id. at 775-76. However, the Eighth Circuit noted the availability on remand of several defenses for the breach of warranty claims, specifically mentioning Defendant's warranty disclaimers and the application of comparative fault principles to consequential damages. Id. at 776.

**DISCUSSION**

**A.    Standard of Review**

A motion for summary judgment shall be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the non-moving party. Enter. Bank v. Magna Bank, 92 F.3d 740, 747 (8th Cir. 1996). The burden of demonstrating that there are no genuine issues of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in

the record that create a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.    Defendant's Motion for Summary Judgment**

    1.    Parol Evidence

Plaintiffs base their breach of express warranty claim on the 4010 Drill on Sedlacek's and Lilleberg's oral statements and on Defendant's brochure.  Defendant argues that all three statements are barred by the parol evidence rule.

The parol evidence rule provides that "the terms of a final and integrated written expression may not be contradicted by parol evidence of previous understandings and negotiations for the purpose of varying or contradicting the writing."  Mies Equip., Inc. v. NCI Bldg. Sys., L.P., 167 F. Supp. 2d 1077, 1082-83 (D. Minn. 2001) (citing Apple Valley Red-E-Mix Inc. v. Mills-Winfield Eng'g Sales, Inc., 436 N.W.2d 121, 123 (Minn. Ct. App. 1989)); see also Minn. Stat. § 336.2-202.  To consider a prior oral statement for the purpose of modifying the written terms of an agreement, when the parties have memorialized their agreement in writing, an exception to the parol evidence rule must apply.  Minn. Stat. § 336.2-202; Mies Equip., 167 F. Supp. 2d at 1082.  The parol evidence rule does not prohibit a court from considering extraneous evidence in determining whether the parties intended the contract to be the final, integrated agreement.  Stromberg v. Smith, 423 N.W.2d 107, 109 (Minn. Ct. App. 1988).

The Court finds that the parol evidence is admissible in this case.  The purchase order form does not contain a merger or integration clause.  Additionally, there are at least two other

5

documents evidencing that the purchase order form is not the complete and final agreement of the parties: the retail installment sales contract and security agreement between Plaintiffs and Sedlacek, and the actual warranty offered by Defendant. Although the purchase order form disclaims express warranties, it is silent as to the 4010 Drill's compatibility with preplant-incorporated herbicide practices. Thus, the substance of the alleged express warranties does not contradict the purchase order form. Defendant is not entitled to summary judgment based on the parol evidence rule.

2. Disclaimer of Express Warranties

Plaintiffs assert that the representations by Sedlacek and Lilleberg and the statement in Defendant's brochure are express warranties. Defendant seems to concede this point for the purpose of summary judgment. An express warranty is created by an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Minn. Stat. § 336.2-313. Considering the evidence in Plaintiffs' favor, the Court finds that the representations and statement are express warranties.

According to Plaintiffs, the warranty disclaimers contained in the purchase order form for the 4010 Drill did not effectively disclaim the express warranties made by Defendant. Although it is true that a seller may disclaim express warranties, Hydra-Mac, Inc. v. Onan Corp., 450 N.W.2d 913, 916 (Minn. 1990) (citing Minn. Stat. § 336.2-316), a general disclaimer is ineffective because an express warranty is considered to be a foundation of the contract, St. Croix Printing Equip., Inc. v. Rockwell Int'l, 428 N.W.2d 877, 879 (Minn. Ct. App. 1988). Courts must construe express warranties and disclaimers as consistent if

6

possible. Minn. Stat. § 336.2-316(1). If an express warranty and a disclaimer cannot be reconciled, the warranty prevails. Id.; Hydra-Mac, 450 N.W.2d at 917. If a disclaimer is not provided at the time of sale, it is invalid. Noel Transfer & Package Deliv. Serv., Inc. v. Gen. Motors Corp., 341 F. Supp. 968, 970 (D. Minn. 1972) (citing Dougall v. Brown Bay Boat Works & Sales Inc., 178 N.W.2d 217 (Minn. 1970)).

In this case, there are four categories of documents which purportedly disclaim the express warranties for the 4010 Drill: the Case-Concord Warranty, the April 1998 lease agreement, the purchase order forms, and the credit agreements. Plaintiffs never received the Case-Concord Warranty, which is Defendant's actual warranty. The credit agreements were not provided to Plaintiffs at the time of sale. Not only was the lease agreement superseded when Plaintiffs purchased the 4010 Drill, but at least one of the alleged express warranties was made after the lease agreement was signed. Consequently, the warranty disclaimers in these documents do not except Defendant from liability. The only documents that could effectively disclaim any express warranty are the purchase order forms.

The Court must initially decide whether the use of the John Deere forms nullifies any warranty disclaimers contained therein. Plaintiffs contend that the disclaimers are not effective because they do not explicitly refer to Defendant by name. The Court has already recognized that the purchase agreements were not Defendant's forms.

> There is no dispute that the documents signed at the time of the purchase were not Case documents but rather were John Deere documents. These documents purported to limit express and implied warranties, but did so on behalf of John Deere and its affiliates. Case is not a John Deere affiliate. However, Plaintiffs

7

>made several repair claims under Case's warranties and therefore Plaintiffs were aware of the existence of warranties.

(Order of Nov. 21, 2003, at 8-9.) Likewise, the Eighth Circuit recognized that the purchases were memorialized on John Deere forms, but it neither commented adversely about this nor foreclosed any defenses merely because the implement dealer used the wrong manufacturer's form. Zutz, 422 F.3d at 768, 776. Finally, there is no prohibition on using parol evidence to establish that Defendant, not John Deere, was the manufacturer of the product sold to Plaintiffs.[3] Aronovitch v. Levy, 56 N.W.2d 570, 576 (1953). Consequently, the Court finds that the use of the John Deere forms did not nullify the warranty disclaimers.

Despite the facial applicability of the disclaimers, the forms contained a general disclaimer of express warranties, and the disclaimer was therefore ineffective. In addition, the terms of the purported express warranties and the general disclaimer cannot be reconciled, and the disclaimer is invalid on this basis as well. Defendant's Motion is denied on this point.

---

[3] Neither party mentions the possibility of reformation of the purchase agreements to reflect that Defendant, not John Deere, is the manufacturer of the drills. See Leamington Co. v. Nonprofits Ins. Ass'n, 615 N.W.2d 349, 354-55 (Minn. 2000) (recognizing that a non-party, intended beneficiary of an agreement has standing to seek its reformation, even if the contracting parties object). Although this issue is not before the Court, it is useful to examine the doctrine of mutual mistake to further support the Court's finding that the use of the John Deere forms does not nullify the disclaimers and that the disclaimers apply to Defendant.

The parties agree that a valid agreement between Plaintiffs and Sedlacek existed for the sale of a Concord Drill. Plaintiffs and Sedlacek knew at the time of the sale that Plaintiffs were buying a drill manufactured by Case, not John Deere. Plaintiffs subsequently made several claims under Defendant's actual warranty, and Plaintiffs never considered a John Deere warranty to be in effect. Thus, the contracting parties agreed on the intended content of the agreement, but through a scrivener's error, the document does not reflect the agreement. See Nichols v. Shelard Nat'l Bank, 294 N.W.2d 730, 734 (Minn. 1980). Accordingly, Plaintiffs' and Sedlacek's use of the John Deere purchase order forms is of no moment.

3.   Disclaimer of Implied Warranties

To disclaim an implied warranty of fitness or merchantability, the disclaimer must be in writing, be conspicuous, and mention merchantability. Minn. Stat. § 336.2-316(2). "Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'" Id.

Plaintiffs rely on Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055 (8th Cir. 2003), for the proposition that a manufacturer must make a clear and explicit disclaimer, which specifically mentions the manufacturer, to avoid liability for breach of implied warranty. This interpretation of the case overlooks significant distinctions. In Holden Farms, the contract disclaimed warranties on behalf of the "Contractor," which was expressly defined elsewhere in the contract as the seller. Id. at 1064. Accordingly, the manufacturer could not disclaim warranties based on this language. In the present case, although the disclaimers refer to John Deere products, there is no dispute that Plaintiffs knew they were buying Defendant's product, not a John Deere drill. The purchase order form describes the product as a 4010 Concord Drill. There was no such mistake in Holden Farms. In addition, the contract in Holden Farms referred to other warranties, which supported a finding that other warranties such as the manufacturer's existed. Id. Here, the only other warranty disclaimer referred to in the purchase orders is that of the dealer, which supports a finding that other warranty disclaimers exist for the manufacturer.

In Dubbe v. A.O. Smith Harvestore Products, Inc., 399 N.W.2d 644, 647-48 (Minn. Ct. App. 1987), a warranty disclaimer was valid because it was capitalized, in large print, expressly

9

excluded warranties, and was signed by the buyer who was a farmer experienced in commercial dealings. This warranty disclaimer did not mention the manufacturer by name. Id. at 647. In this case, Plaintiffs knew at the time of the sale that they were buying a drill manufactured by Defendant, even though the transaction was written up on a John Deere purchase form. They reviewed the form, which conspicuously disclaimed the implied warranties of merchantability and fitness for a particular purpose. The disclaimer was capitalized and printed in large bold letters. Plaintiffs are farmers experienced in buying farm equipment. Based on these facts, the Court finds that the language of the disclaimers meets the requirements of Minn. Stat. § 336.2-316(2). Accordingly, Defendant is entitled to summary judgment on Plaintiffs' implied warranty claims for the 4010 Drill and the 5010 Drill.

    4.    <u>Limitation on Incidental or Consequential Damages</u>

The purchase order forms for the 4010 Drill and the 5010 Drill also contain clauses excluding the availability of incidental and consequential damages. Ordinarily, in addition to direct damages, incidental and consequential damages are available for breach of warranty. Minn. Stat. § 336.2-714(3). Parties to a contract may exclude incidental and consequential damages, but the limitations cannot be unconscionable. Id. § 336.2-719(3).

Here, Plaintiffs do not argue that the limitations in the purchase order forms are unconscionable. Their only objection is that the forms refer to John Deere, not Defendant. The Court has already dispensed with this argument. The Court also finds that the limitations are conscionable. Unconscionability is a question of law. Minn. Stat. § 336.2-302, cmt. 3. The nature of farming is inherently risky, and a crop yield is affected by "numerous and varied

factors such as soil, weather, seed, weeds, and other conditions." Kleven v. Geigy Agric. Chems., 227 N.W.2d 566, 572 (Minn. 1975). These factors support a finding that contractual exclusions of incidental and consequential damages are conscionable. Id.; see also Muzzy v. E.I. du Pont de Nemours & Co., No. CX-92-275, 1993 WL 761991, at *3 (Minn. Dist. Ct. Marshall Cty. Nov. 2, 1993) (citations omitted) (finding limitations on consequential and incidental damages conscionable because risks are inherent in farming, and direct damages remained available). Plaintiffs attempt to distinguish Kleven and Muzzy from the present case, arguing that the limitations in those cases mentioned the sellers by name. However, identification of the sellers was not a factor in those cases. Moreover, as the Court has repeatedly stressed, Plaintiffs knew they were buying a Concord Drill, not a John Deere product. Other considerations for the Court are that the purchase order forms do not limit direct damages; Plaintiffs have already recovered damages at trial resulting from their use of the drills; and Plaintiffs were not unsophisticated consumers of farming equipment.

For all of the above reasons, the contractual exclusion of consequential and incidental damages is not unconscionable, and these damages are not available for Plaintiffs' breach of warranty claims. In their memoranda, Plaintiffs have specified only consequential and incidental damages for their breach of warranty claims, and they identify only incidental damages available after remand. (Pls.' Opp'n Def.'s Mot. Summ. J. at 27-33; Pls.' Reply at 7-8.) Because Plaintiffs cannot recover incidental or consequential damages as a matter of law, Defendant is granted summary judgment on all claims.

**C.      Plaintiffs' Motion for Partial Summary Judgment**

The Court has granted summary judgment for Defendant on the outstanding warranty claims. Many of Plaintiffs' arguments in support of their Motion were subsumed in this discussion. The Court will briefly address a few remaining issues to clarify that none of their arguments merits either summary judgment or a new trial.

First, collateral estoppel does not apply to establish breaches of warranty. Collateral estoppel bars the relitigation of issues that were litigated, determined, and essential to a prior action. Hauser v. Mealer, 263 N.W.2d 803, 806 (Minn. 1978). Collateral estoppel consists of the following elements: (1) the issues are identical; (2) there was a final judgment on the merits; (3) the party subject to estoppel was a party in the prior case; and (4) the party subject to estoppel had a full and fair opportunity to be heard on the issue. Aufderhar v. Data Dispatch, Inc., 452 N.W.2d 648, 650 (Minn. 1990). Plaintiffs submit that the issues of misrepresentation and breach of warranty are identical, but they have produced no authority holding that the elements for breach of warranty are subsumed in a claim for misrepresentation. On the other hand, Defendant's authority shows that a fraudulent representation claim is a separate matter from a breach of warranty or contract action. See, e.g., St. Croix Printing Equip., Inc. v. Rockwell Int'l Corp., 428 N.W.2d 877, 881 (Minn. Ct. App. 1988). If the Court adopted Plaintiffs' position, a finding of reckless misrepresentation or fraud would automatically result in a successful breach of warranty claim. Not only are the issues not identical, but Defendant did not have a full and fair opportunity to be heard on the warranty issues. The Eighth Circuit specifically remanded the case for consideration of Defendant's defenses on these claims, and imposing collateral estoppel would not effectuate

this part of the remand.

Second, Plaintiffs argue that they have not had a full and fair opportunity to litigate their breach of warranty claims. However, this argument overlooks the Eighth Circuit's invitation for Defendant to assert defenses on remand.

Finally, Plaintiffs ask the Court to rule as a matter of law that the April 1998 transaction was "indisputably" a rental transaction, not a sale. This request directly contravenes the Eighth Circuit's finding of a factual conflict regarding the parties' intent in entering into the transaction, and the Court declines to adopt Plaintiffs' position over the Eighth Circuit's express determination.

**CONCLUSION**

Defendant is granted summary judgment on Plaintiffs' breach of express and implied warranty claims for the 4010 Drill, and Plaintiffs' breach of implied warranty claims for the 5010 Drill. The implied warranties of merchantability and fitness for a particular purpose were effectively disclaimed in the purchase order forms. The contractual limitation on incidental and consequential damages is valid and operates to exclude damages for Plaintiffs' breach of express and implied warranty claims. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. No. 141) is **GRANTED**; and
2. Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 146) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 24, 2006

                                                                  s/ Paul A. Magnuson  
                                                                  Paul A. Magnuson  
                                                                  United States District Court Judge